IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SUMMIT RESIDENTIAL SERVICES §
LLC, AS TRUSTEE FOR BEACON HILL §
VILLAGE 11B TRUST, §
　　　　　　　　　　　　　　　　§
　　　　　　　　Plaintiff, §
　　　　　　　　　　　　　　　　§ Civil Action No. 3:15-CV-1935-D
VS. §
　　　　　　　　　　　　　　　　§
OCWEN LOAN SERVICING, LLC, §
　　　　　　　　　　　　　　　　§
　　　　　　　　Defendant. §

MEMORANDUM OPINION
AND ORDER

In the court's prior memorandum opinion and order in this case, *Summit Residential Services LLC v. Ocwen Loan Servicing, LLC*, 2017 WL 4758884 (N.D. Tex. Sept. 28, 2017) (Fitzwater, J.) ("*Summit Residential I*"),[1] it raised *sua sponte* as a ground for summary judgment in favor of intervenor New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing, LLC ("Shellpoint") that Shellpoint is contractually entitled to recover from plaintiff Summit Residential Services, LLC ("Summit") its reasonable attorney's fees and costs as the prevailing party in a legal action to enforce its rights under the Settlement Agreement. *Id.* at *9. The court gave Summit 21 days to file an opposition response, brief, and appendix that addresses granting summary judgment on this basis, *id.* at *10, and Summit has responded.

---

[1]Westlaw reflects that this memorandum opinion and order was filed on October 20, 2017. That is the date it was unsealed and made public. The opinion was actually filed on September 28, 2017.

Summit opposes summary judgment granting attorney's fees on one ground. Summit maintains that this is a substantive issue controlled by state law, and that Texas law prohibits a court from granting relief not requested in the pleadings. *See, e.g., Webb v. Glenbrook Owners Ass'n, Inc.*, 298 S.W.3d 374, 380 (Tex. App. 2009, no pet.) (citing *Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979)) ("[A] judgment on an unpled action is void."). Summit posits that it would be counter to Texas law for the court to award attorney's fees on this ground that it has raised *sua sponte* because the original defendant—Ocwen Loan Servicing, LLC ("Ocwen")—did not plead for attorney's fees in its answer to Summit's complaint.

The court will assume *arguendo* that Texas law controls this procedural issue. Even assuming that it does, summary judgment is not precluded here. Although *Ocwen* has not pleaded for a recovery of attorney's fees, *Shellpoint* has in its complaint in intervention. In that pleading Shellpoint explicitly requests "that this Court enter judgment against Plaintiff in accordance with applicable law for all reasonable and necessary attorneys' fees and court costs incurred by Shellpoint in its prosecution of this matter." Compl. in Intervention ¶ 23.[2] Accordingly, even if Texas law controls, Shellpoint is not precluded from recovering attorney's fees based on a failure to plead for such a recovery. The court therefore grants summary judgment in favor of Shellpoint on the ground that the court raised *sua sponte*.

---

[2]Although Shellpoint pleaded for attorney's fees in its complaint, it failed in its summary judgment motion to raise the argument that it is contractually entitled to them.

* * *

For the reasons explained in *Summit Residential I* and in this memorandum opinion and order, the court grants summary judgment on the ground that it raised *sua sponte* and awards attorney's fees to Shellpoint from Summit under the Settlement Agreement, in an amount to be determined hereafter.

**SO ORDERED**.

October 25, 2017.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE